IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUGUSTINO SMITH,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-16-01502 |
| v. : | |
| : | (Judge Caputo) |
| **LORETTA E. LYNCH,**[1] *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.    Introduction**

Augustino Smith, a native and citizen of Jamaica, filed a habeas corpus petition challenging his continued detention by the Attorney General as well as asserting allegations of inadequate medical care for several on-going medical conditions. Mr. Smith is confined at the York County Prison (YCP) in York, Pennsylvania. (Doc. 1, Pet.)

For the reasons that follow, Mr. Smith's medical claims will be dismissed without prejudice and the Respondent will be directed to file a response to the portions of the Petition challenging his continued detention.

---

[1] Petitioner names the Attorney General of the United States, the Director of the Department of Homeland Security, the United States Immigration and Customs Enforcement Field Office Director of Pennsylvania and Mary E. Sabol, the Warden of the York County Prison as respondents. However, as the custodian of Petitioner, Mary Sabol is the only proper respondent. The other named Respondents (Lynch, Johnson and Decker) will be dismissed from this action. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435, 124 S.Ct. 2711, 2718, 159 L.Ed.2d 513 (2004).

**II.      Background**

Mr. Smith, a citizen and native of Jamaica, has been in the custody of the Bureau of Immigration and Customs Enforcement (ICE) since January 8, 2016 and detained "under section 241(A)(1)(C)". (ECF Doc. 1, p. 1.)  Mr. Smith is a bisexual male who applied for immigration relief under the Convention Against Torture (CAT) claiming that it is more likely than not that he will be tortured and/or imprisoned for being gay if removed to Jamaica. (*Id*., p. 8.)  An Immigration Judge (IJ) heard testimony on Mr. Smith's CAT petition and ultimately denied it. (*Id.*)  Mr. Smith's appeal before the Board of Immigration Appeals is currently pending.

Mr. Smith suffers from various medical issues that he believes are not being properly addressed at the YCP.  First, he has waited over three months to be seen by an outside physician for pain on the side of his face which "might be cancer." (*Id*.)  He also is experiencing blood in his stool.  He was sent to an outside specialist who diagnosed him as having polyps and "bleeding from two parts of his stomach". (*Id*., ECF p. 9.)  The outside physician scheduled a June 29, 2016 return visit for further testing but YCP officials failed to take him to the appointment.  He continues to suffer from rectal bleeding. (*Id.*)  He would the Court to order his release from custody so he may use "his medical insurance" to get medical care, or an order directing YCP officials to provide him with the care he needs. (*Id*.)

**III.     Discussion**

Petitioner challenges his detention by way of habeas corpus review under 28 U.S.C. § 2241, which authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See Gillette v. Territory of Virgin Islands*, 563 Fed.Appx. 191, 193 (3d Cir. 2014)(citing 28 U.S.C. § 224(c)(3)); *see also Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S.Ct. 2491, 2497, 150 L.Ed.2d 653 (2001) (petition under § 2241 is the basic method for statutory and constitutional challenges to detention following order of removal).  The law is well-settled that a writ of habeas corpus is not the appropriate legal vehicle for seeking relief based on the conditions of one's detention.  *See Roudabush v. Warden Fort Dix FCI*, 640 F. App'x 134 (3d Cir. 2016) (habeas petition raising constitutional claims challenging prisoner's conditions of confinement not properly raised in habeas action, appropriate remedy is *Bivens* action).

Mr. Smith may not seek relief via this habeas action for his claim of inadequate medical care while housed at the YCP.  Such a claim is properly raised in an action pursuant to 42 U.S.C. § 1983.[2]  Additionally, under § 1983, a plaintiff may bring claims against prison officials only in their personal capacities.  When asserting a § 1983 claim, a plaintiff must alleged that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right.  *See Rode v. Dellarciprete*, 845 F.2d

---

[2]  It is well established that the failure of a jail to provide a detainee with adequate medical care may constitute a deprivation of the detainee's constitutionally protected rights, and thus give rise to a cause of action under § 1983.  *See Harvey v. Chertoff*, 263 F. App'x. 188, 191 (3d Cir. 2008).

1195, 1207 (3d Cir.1988) (holding that a "defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").  Here, Mr. Smith has failed to allege the personal conduct by any specific individual in the alleged denial or interference with his medical care.  For this additional reason, Mr. Smith's claims concerning his lack of proper treatment for his various medical needs is insufficient and must be dismissed without prejudice to him filing a § 1983 action or other appropriate claim addressing his conditions of confinement.[3]

Respondent will be directed to file a response to Mr. Smith's claims of prolonged ICE detention.

An appropriate Order follows.

>   **/s/ A. Richard Caputo**
>   **A. RICHARD CAPUTO**
>   **United States District Judge**

**Date:  August 29, 2016**

---

[3] The Court expresses no opinion as to the merits, if any, of the civil-rights claim Mr. Smith may file based on the facts asserted in the instant petition.