IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AUGUSTINO SMITH,                :
                                :
    Petitioner              :
                                :   CIVIL NO. 3:CV-16-01502
    v.                      :
                                :   (Judge Caputo)
LORETTA E. LYNCH, *et al.*,     :
                                :
    Respondents             :

**M E M O R A N D U M**

**I.   Introduction**

On July 20, 2016, Mr. Smith filed a Petition for Writ of Habeas Corpus.  Mr. Smith, a native and citizen of Jamaica is presently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) for more than six months without an individualized bail hearing. He is presently housed at the York County Prison, in York, Pennsylvania.  (Doc. 1, Pet.)  On August 28, 2016, the Court screened his Petition, and while dismissing his conditions of confinement claim, directed the Respondent to file a response to his claim challenging his continued ICE detention absent an individualized bond hearing. (Doc. 7.)

Presently before the Court are several motions filed by Mr. Smith: (1) Motion for Order to Show Cause to be issued (Doc. 9); (2) Motion to Amend his Petition (Doc. 10); and (3) Motion for Preliminary Injunction (Doc. 11).  Mr. Smith's motion to show cause will be denied as moot.  The Court will accept Mr. Smith's Amended Petition (Doc. 10, ECF pp. 2 - 6) as the standing petition in this action.  Next, Mr. Smith's motion for injunctive relief will be granted,

and his Amended Petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13. As such, his Amended Petition will be dismissed without prejudice.

## II.   Background

Mr. Smith is a native and citizen of Jamaica. (Doc. 1, Pet.) He was ordered removed in 2014. He has been held in ICE custody since January 8, 2016. He claims he has yet to receive an individualized bond hearing. (*Id*., ECF p. 9.) He also raised an Eighth Amendment challenge with respect to the medical care he is receiving at the York County Prison. (*Id*.)

On August 29, 2016, the Court screened his Petition. (Doc. 6.) The Court identified the proper respondent in this matter and dismissed his medical claims as improperly brought within these habeas proceedings. The Court then directed Respondent to answer the Petition. (*Id*.) Mr. Smith recently filed an Amended Petition (Doc. 10, ECF pp. 2 - 6) which addresses the identified deficiencies of his original Petition. He names Mary Sabol, the Warden of the York County Prison as the sole respondent and also omits his medical claims from the Amended Petition. (*Id*.)

## III.   Discussion

Given the Court's August 29, 2016, Order directing Respondent to file a Response to the Petition, Mr. Smith's Motion for Order to Show Cause will be denied as moot. The Court, however, will grant his Motion to Amend his Petition (Doc. 10) and accept the Amended Petition, Doc. 10, ECF pp. 2 - 6, as the standing Petition in this case.

Next, the Court addresses Mr. Smith's Motion for Preliminary Injunction seeking an individualized bond hearing before an Immigration Judge (IJ). (Doc. 11).) Determining

whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) [that] he or she will suffer irreparable harm if the injunction is denied; 3) [that] granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). *See also* Fed. R. Civ. P. 65.  Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, both a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction.  *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *Hohe v. Casey*, 686 F.2d 69, 72 (3d Cir. 1989).

Detention, release, and removal of aliens is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231.  At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3)

& (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699, 121 S.Ct. at 2503.

Following *Zadvydas,* regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director is to conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed removal period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU, asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R § 241.13(d)(1).

If, at the conclusion of the six-month period, the alien provides good reasons to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701, 121 U.S. at 2505. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." (*Id*.)

Here, Mr. Smith claims he has not received any custody reviews since he was taken into custody on January 8, 2016, more than eight months ago. The presumptively reasonable six month period has expired and ICE has failed to remove Mr. Smith. At this point, jurisdiction to make a determination concerning his custody lies with the HQPDU and there is no indication that Mr. Smith has submitted a written request for release asserting the basis for his relief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). Consequently, ICE will be ordered to treat Mr. Smith's petition as a request for release under 8 C.F.R. § 241.13.

## IV.   Conclusion

In light of the referral of this matter for disposition under existing review procedures, Mr. Smith's Petition for Writ of Habeas Corpus will be denied, without prejudice, to his right to seek relief in this Court if the administrative review process is unsuccessful.

An appropriate Order follows.

>                                  /s/ A. Richard Caputo
>                                  A. RICHARD CAPUTO
>                                  United States District Judge

**Date: September 6, 2016**